**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENG PING SHI, | No. 23-2802 |
| Petitioner, | Agency No. A203-468-417 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024[**]
Pasadena, California

Before: IKUTA, R. NELSON, and BRESS, Circuit Judges.

Feng Ping Shi petitions for review from the decision of the Board of

Immigration Appeals (BIA) dismissing an appeal from an order of an Immigration

Judge (IJ) denying her claims for asylum and withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The IJ's adverse credibility determination was supported by substantial evidence. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). The evidence does not compel the conclusion that Shi was "in hiding" from family planning authorities since 2004, given that the record demonstrates that Shi lived with her parents in the same town, worked openly, sent her children to public school, and had no interactions with family planning officials since 2012. Moreover, the record shows that China changed its one-child policy to allow for two and then three children. Nor does the record compel the conclusion that her religious persecution claim was credible. Among other things, she stopped reporting to officials for three months—without explanation or consequence—before she left China. Furthermore, Shi's untruthfulness in her fraudulent 2013 visa application supports the IJ's determination that Shi was not being truthful in the immigration proceedings. *See Enying Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013) ("[I]f a person testifies falsely, willfully, and materially on one matter, then his oath or word is not worth anything and he is likely to be lying in other respects." (cleaned up)).

Likewise, the IJ's determination that Shi's nontestimonial evidence was insufficient to corroborate her asylum claim was supported by substantial evidence. None of the corroborative evidence she submitted would compel a reasonable

factfinder to find that Shi faced persecution in China on account of her political opinion or religion. Without her credible testimony, the limited evidence in the record does not compel the conclusion that the IJ or BIA erred in finding she failed to carry her burden to establish asylum or withholding of removal. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**DENIED.**